UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DIOSSEL CARDONA ROSA,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:26-cv-545

Hon. Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Discussion

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.17.) Petitioner also asked the Court to order Respondents to show cause, within three days, why the petition should not be granted. (*Id.*)

In an order entered on February 19, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on February 24, 2026, (ECF No. 4), and Petitioner filed his reply on February 27, 2026, (ECF No. 5).

## II.     Factual Background

Petitioner is a native and citizen of Guatemala. (Hackett Decl. ¶ 3, ECF No. 4-1, PageID.41.) Petitioner first entered the United States in 1992 at an unknown location without inspection. (Pet., ECF No. 1, PageID.4; Hackett Decl. ¶ 3, ECF No. 4-1, PageID.41.) On April 21, 1998, an immigration judge ordered Petitioner removed from the United States. (Hackett Decl. ¶ 5, ECF No. 4-1, PageID.41–42.) Petitioner eventually departed the United States voluntarily on August 14, 2005. (*Id.*, ¶ 7, PageID.42; Pet., ECF No. 1, PageID.4.)

Petitioner returned to the United States in 2018 and has resided here continuously since that time. (Pet., ECF No. 1, PageID.3.) On August 15, 2025, ICE agents arrested Petitioner near a Home Depot in Hempstead, New York. (*Id.*, PageID.4.) ICE subsequently reinstated the prior order of removal entered against Petitioner in 1998. (Hackett Decl. ¶ 10, ECF No. 4-1, PageID.42.) On August 25, 2025, Petitioner filed a motion to reopen the order of removal. (*Id.*, ¶ 8.) An immigration judge denied Petitioner's motion; Petitioner's appeal of that decision remains pending. (*Id.*)

Following his arrest, Petitioner claimed that he feared return to Guatemala. (*Id.*, ¶ 11, PageID.43.) On September 11, 2025, the Detroit Immigration Court found that Petitioner had a reasonable fear of returning to Guatemala and placed Petitioner in withholding-only proceedings. (*Id.*, ¶ 12.) Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal on September 26, 2025, which was denied by the Detroit Immigration Court on November 19, 2025. (*Id.* ¶¶ 13–15, PageID.43–44.) Petitioner has also appealed that decision. (*Id.*, ¶ 16, PageID.44.)

### III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV. Merits Discussion

Respondents contend that Petitioner is detained pursuant to the final order of removal, issued in 1998. (Resp., ECF No. 4, PageID.31.) As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). It is undisputed that Petitioner was ordered removed and that his prior order of removal became final in 1998.

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable

3

period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The record shows that Petitioner has been detained since August 15, 2025, well over six months. And the record before the Court provides good reason to believe that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Indeed, Petitioner's appeal of the denial his Form I-589 application remains pending.

Because Petitioner has met his burden of showing that removal is not reasonably foreseeable, Respondents must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. They have not done so. There is nothing before the Court to suggest that Respondents expect to remove Petitioner in the near future, particularly given Petitioner's pending appeal to the BIA. The Court, therefore, will grant Petitioner's § 2241 petition.

## V.     Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12,

2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Attorney General as a Respondent.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject, as applicable, to an order of supervision within five days of the date of this opinion and corresponding judgment. The Court will also order Respondents to file a status report within six days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. Further, the Court will dismiss the United States Attorney General as a Respondent.

Dated: March 3, 2026               /s/ Hala Y. Jarbou
                                   HALA Y. JARBOU
                                   CHIEF UNITED STATES DISTRICT JUDGE